THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MARTIN V. CHAPMAN, PLAINTIFF IN ERROR.

Submitted December 8, 1902—Decided June 8, 1903.

1. The act entitled "An act to regulate the practice of dentistry in the State of New Jersey, and to repeal certain acts now relating to the same," approved March 17th, 1898, coupled with the previous legislation on the subject, is not unconstitutional.

2. The act does not impair vested rights, nor is it, in its criminal provisions, an *ex post facto* law.

3. A calling, business or profession, chosen and followed, is property. The legislature cannot destroy it by statute, without providing for compensation, any more than it can authorize the taking of real estate for a public use, except upon compensation.

4. The act of March 17th, 1898, is not an act taking or destroying property, but is a reasonable regulation of the practice of dentistry in this state.

5. It is within the power of the state, under the police power, to impose, by statute, reasonable restrictions as to registration and the obtaining of a certificate of authority to engage in the practice of dentistry, and to make it a misdemeanor for a person to practice without first obtaining such certificate.

On error to Cumberland Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the plaintiff in error, *Wheaton Berault* and *Howard Carrow.*

For the defendant in error, *J. Hampton Fithian* and *Halsey M. Barrett.*

The opinion of the court was delivered by

FORT, J.   The defendant was convicted in the Cumberland County Quarter Sessions for practicing dentistry without being legally licensed to so practice in this state.

That the defendant did not have a license to practice dentistry in this state from the state dental board was proven at the trial by independent evidence as well as by the defendant's own admission.   The defence was that the defendant was a practicing dentist in this state in 1872, and has been since that date, and that any statute which attempts to impose upon him a condition not existent at the time he entered upon such practice is unconstitutional, because it (1) impairs his vested rights, and (2) is *ex post facto.*

It is conceded that there is no justification for the indictment in this case except under section 12 of the act of 1898

entitled "An act to regulate the practice of dentistry in the State of New Jersey, and to repeal certain acts now relating to the same," approved March 17th, 1898. *Pamph. L., p.* 119.

Prior to the passage of the act of 1898 there had been statutes regulating registration for and the practice of dentistry, but none of these were in force when the indictment upon which the defendant was convicted was found, nor at the date alleged in the indictment as the time when the offence was committed. The act of 1898 expressly repealed all previous acts on this subject. *Pamph. L.* 1898, *p.* 128, § 17. If, therefore, the act of 1898 is unconstitutional in the respects alleged, the conviction cannot stand.

The laws regulating dentistry are of later enactment than those regulating the practice of medicine, but the principles underlying their legality are the same.

A statute of West Virginia, similar in import to the New Jersey act of 1898, except that it regulated the practice of medicine, was sustained, as a valid exercise of the police power of the state, by the Supreme Court of the United States. *Dent* v. *West Virginia,* 129 *U. S.* 114; *State* v. *Creditor,* 21 *Am. St. Rep.* 306; *Hockett* v. *State,* 105 *Ind.* 250.

Nor is such legislation *ex post facto. Hawker* v. *New York,* 170 *U. S.* 189. See, generally, text and notes in 22 *Am. & Eng. Encycl. L.* (2d ed.) 781, 782, and the cases cited.

The constitution of New Jersey in nowise prohibits such legislation in any respect in which it would not be equally interdicted by the constitution of the United States, unless it can be said that such legislation interferes with the natural and unalienable right of "acquiring, possessing and protecting property" guaranteed by article 1 paragraph 1 of our state constitution.

A calling, business or profession, chosen and followed, is property. *Barr* v. *Essex Trades Council,* 8 *Dick. Ch. Rep.* 101, 112; *Slaughter-House Cases,* 16 *Wall.* 36, 116.

The legislature can no more destroy a business by statute, without providing for compensation, than it can authorize a corporation to take a piece of real estate for public use, except upon compensation.

· But does the act of 1898 take the defendant's property or calling from him?

We do not so construe it or its effect.

It is simply a regulation of the use of one's property rights or business, controlling the conditions under which it may be enjoyed or pursued. It is within the power of the state to place reasonable regulations upon the business or calling of any person.

The court, in *State* v. *Creditor, supra,* says: "The power of the legislature to regulate the practice of medicine, dentistry or surgery is undoubted; it is an exercise of the police power of the state for the protection of the health and the promotion of the comfort and welfare of the people. It may provide that only those possessing skill and learned in these professions shall be permitted to practice; may prescribe the nature and extent of the qualifications required and the rules for ascertaining and determining whether those proposing to practice come up to the statutory standard. If the regulations and conditions are adopted in good faith, and they operate equally upon all who may desire to practice, and who possess the required qualifications, and if they are adapted to the legislative purpose of promoting the health and welfare of the people by excluding from the practice those who are ignorant and incapable, then the fact that the conditions may be rigorous, impolitic and unjust will not render the legislation invalid."

The following cases sustain the rule here declared: *State* v. *State Medical Examining Board,* 32 *Minn.* 324; *Hewitt* v. *Charier,* 16 *Pick.* 353; *Eastman* v. *State,* 109 *Ind.* 278; *Hedderich* v. *State,* 51 *Am. Rep.* 768.

For eighty years New York has had such a statute and her courts held it valid. *Sheldon* v. *Clark,* 1 *Johns.* 513.

Arkansas has sustained a statute for the regulation of dentistry. *Gosnell* v. *State,* 52 *Ark.* 228.

The defendant, conceding for that purpose that the act of 1898 was valid, contends that he was practicing dentistry in the state in 1873, and he was by the act entitled "An act to regulate the practice of dentistry and protect the people

against empiricism in relation thereto in the State of New Jersey," approved March 14th, 1873, licensed by the state to practice dentistry by section 9 of that act. This act created a board of examiners and provided that after its passage it should be unlawful for any person to engage in the practice of dentistry within the state unless such person be graduated and receive a diploma from the faculty of a college, chartered as in the act provided; and by section 9 it was provided as follows: "Nothing in this act shall apply to persons who shall be engaged in the practice of dentistry in this state at the time of the passage of this act." *Pamph. L.* 1873, *p.* 52.

Two supplements were passed to the act of March 14th, 1873, one in 1880 and the other in 1884, but neither of these supplements affected the rights of the defendant here to practice his profession under the authority of section 9 of the act of March 14th, 1873. The supplements of 1880 and 1884 are each amendments to section 1 of the act of 1873, and neither can be said to repeal by implication section 9 of that act. *Pamph. L.* 1880, *p.* 31; *Pamph. L.* 1884, *p.* 102.'

On April 7th, 1890, a general law was enacted entitled "An act to regulate the practice of dentistry in the State of New Jersey." *Pamph. L., p.* 227.

By section 11 of this act the acts of 1873 and its two supplements, of 1880 and 1884, were expressly repealed, together with all acts and parts of acts inconsistent with the act of April 7th, 1890. The act of 1890 created "the state board of registration and examination in dentistry." It made the board then existing under the act of 1873 the first board under the act of 1890.

By section 3 of the act of 1890 it was provided "that it shall be the duty of every person lawfully practicing or entitled to practice dentistry in this state, at the time of the passage of this act, to apply to said board before the first day of January, 1891, to cause his name, residence and place of business to be registered in a book to be kept for that purpose by the secretary of said board; and the said board shall issue to each person registered by it a certificate, under its seal and the hand of its president and secretary, setting forth that

such person was, at the time of the passage of this act, lawfully entitled, by the laws of this state, to practice dentistry, and is duly registered; the said board, for good cause shown, may register and issue its certificate thereof to any person applying therefor after said first day of January, anno domini one thousand eight hundred and ninety-one; provided, it shall appear to the satisfaction of said board that the person so applying was lawfully practicing or entitled to practice dentistry at the time of the passage of this act, and that the refusal to issue such certificate will work hardship to said person so applying; the said board may demand from any person applying for registration and certificate proof of his right to the same under this act, and may refuse to grant registration and certificate thereof to any person not lawfully entitled thereto."

By section 4, any person refused registration might apply to the Supreme Court to compel the board to register him and issue a certificate.

By section 9 of the act it is made unlawful, under a penalty, for "any person now [then] lawfully practicing or entitled to practice dentistry under the laws of this state to practice dentistry after January 1st, 1891, without having first obtained the certificate of registration under the act."

The effect of the act was to require all persons entitled to practice, or practicing at that time—April 7th, 1890—to register and take out a certificate of that fact before January 1st, 1891. This gave parties entitled to so do about nine months within which to so do or forfeit their right, except the board, for good cause, should grant the certificate after January 1st, 1891.

This seems an entirely reasonable exercise of legislative powers and to give a reasonable time for compliance with the act to those then engaged in dentistry in New Jersey. A similar act which gave but three months for the registration of dentists engaged in the profession at the time of its passage was sustained by the Supreme Court of Rhode Island. *Battles* v. *Board of Dentistry,* 17 *Atl. Rep.* 131.

The defendant, admittedly, never registered or applied for registration and certificate prior to January 1st, 1891.

On March 17th, 1898, the act under which the indictment in this case was found was passed. That act may be considered a complete revision of the whole subject, and to supersede and take the place of the act of April 7th, 1890. By section 17 of the act of 1898, the act of April 7th, 1890, is expressly repealed.

By section 1 of the act of 1898 it is enacted:

"1. The following persons only shall be deemed licensed to practice dentistry in this state: (*a*) Those who are now duly licensed and registered as dentists pursuant to law, and (*b*) those who may hereafter be duly licensed and registered as dentists pursuant to the provisions of this act."

Section 12 of the act reads as follows:

"12. Any person, company or association practicing or holding himself or itself out to the public as practicing dentistry, not being at the time of said practice or holding out legally licensed to practice as such in this state, shall be guilty of a misdemeanor and punishable upon conviction of a first offence by a fine of not less than fifty dollars, and, upon conviction of a subsequent offence, by a fine of not less than one hundred dollars or by imprisonment of not less than two months, or by both fine and imprisonment."

The defendant failed to register and take out his certificate from April 7th, 1890, to March 14th, 1898, and he was not entitled to practice dentistry in this state under section 1 of the act of 1898, when the indictment upon which he was convicted was found in May, 1902.

There were some exceptions to testimony offered in this case, and the rulings of the trial court thereon, but we have found no errors therein.

The judgment of the Cumberland County Quarter Sessions is affirmed.