208 N.J. Super. 38 (1986)
504 A.2d 1199
COOPER MEDICAL CENTER, PLAINTIFF-APPELLANT,
v.
JOHN JOHNSON,[1] DEFENDANT, AND TOWNSHIP OF PENNSAUKEN, DEFENDANT-RESPONDENT AND THIRD PARTY PLAINTIFF,
v.
INSURANCE COMPANY OF NORTH AMERICA, THIRD PARTY DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 21, 1986.
Decided January 31, 1986.
Greenberg, Shmerelson, Weinroth & Etish, attorneys for appellant (James Greenberg, on the brief).
John Philip Maroccia, attorney for respondent Township of Pennsauken.
Before FRITZ, BRODY and GAYNOR, JJ.
PER CURIAM.
Plaintiff appeals from an order dismissing its complaint against the Township of Pennsauken, which order also dismissed the third party complaint of the Township against the Insurance Company of North America. We affirm, substantially for the reasons expressed by Judge Talbott in her opinion in the trial court. 204 N.J. Super. 79 (Law Div. 1985).
*39 Whether the observation of the United States Supreme Court in Revere v. Massachusetts General Hospital, 463 U.S. 239, 245, 103 S.Ct. 2979, 2983, 77 L.Ed.2d 605 (1983) that "[i]f, of course, the governmental entity can obtain the medical care needed for a detainee only by paying for it, then it must pay," is considered to be dictum (as Judge Talbott believed and as we think it is) or not, the fact is that that situation was not here present. Accordingly, we need not here decide the particular issue.
The same result is reached respecting the argument that payment to plaintiff is mandated by state constitutional law, briefed for the first time here. The trial judge was not asked to determine that issue since the point was not briefed there.[2] Accordingly, we need not and will not consider it here. See Nieder v. Royal Ind. Ins. Co., 62 N.J. 229, 234 (1973).
The several policy arguments addressed to this court by plaintiff are not without some persuasion. However, it is the Legislature whose eye must be caught with respect to such matters.
Affirmed.
NOTES
[1] We are told that defendant Johnson was never served and cannot be located. Accordingly, we treat the judgment herein, which dismissed plaintiff's complaint only with respect to the Township of Pennsauken, as a final judgment and consider the merits of the appeal. But see Frantzen v. Howard, 132 N.J. Super. 226 (App.Div. 1975).
[2] Nineteen lines of transcript are devoted to the broadside suggestion that, as is there put, "New Jersey residents are entitled to due process by the State Constitution," all as is pointed out in the opinion in the trial court. 204 N.J. Super. at 83, n. 1.