COOPER MEDICAL CENTER, PLAINTIFF-APPELLANT, v. CITY OF CAMDEN, COUNTY OF CAMDEN AND MIGUEL PESANTE, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted November 25, 1986—Decided January 15, 1987.

Before Judges MICHELS, O'BRIEN and SKILLMAN.

*Greenberg, Shmerelson, Weinroth & Etish,* attorneys for appellant (*James Greenberg,* on the brief).

*Patricia A. Darden,* Camden City Attorney, attorney for respondent City of Camden (*Michael J. DiCola,* on the brief).

*Suzette D. Bonfiglio,* Camden County Counsel, attorney for respondent County of Camden (*Ann C. Pearl,* Assistant County Counsel, on the brief).

The opinion of the court was delivered by

O'BRIEN, J.A.D.

Plaintiff hospital appeals from summary judgments entered in favor of defendants City and County of Camden. We affirm.

Plaintiff sued the city and county for hospital care and medical treatment rendered by it to Bishop McKie (McKie) and Miguel Pesante (Pesante), two persons injured by the police in the course of their apprehension. During his stay at the hospital, McKie died intestate with no assets. Pesante has absconded. The complaint asserts an obligation of the city and county to pay for medical care provided to McKie and Pesante under the provisions of the Fourteenth Amendment to the United States Constitution. The issue raised by plaintiff has been ruled upon by the United States Supreme Court in *City of Revere v. Massachusetts General Hospital,* 463 *U.S.* 239, 103 *S.Ct.* 2979, 77 *L.Ed.*2d 605 (1983). In that case the Court concluded that the obligation to provide necessary medical care and treatment to persons injured during the course of apprehension by municipal police is required by the due process

clause of the Fourteenth Amendment to the United States Constitution. There, as here, the city and county complied with their constitutional obligation by delivering the suspects to the plaintiff hospitals. As noted by the Supreme Court:

[A]s long as the governmental entity ensures that the medical care needed is in fact provided, the Constitution does not dictate how the cost of that care should be allocated as between the entity and the provider of the care. That is a matter of state law. 463 *U.S.* at 245 [103 *S.Ct.* at 2983].

We have previously concluded that there is no obligation on the part of the city and county to pay for such medical care and treatment in a similar action brought by the same plaintiff. *Cooper Medical Center v. Johnson,* 204 *N.J.Super.* 79 (Law Div.1985), aff'd o.b. 208 *N.J.Super.* 38 (App.Div.1986). In our opinion affirming the Law Division in *Johnson,* we stated:

Whether the observation of the United States Supreme Court in *Revere v. Massachusetts General Hospital,* 463 *U.S.* 239, 245, 103 *S.Ct.* 2979, 2983, 77 *L.Ed.*2d 605 (1983) that '[i]f, of course, the governmental entity can obtain the medical care needed for a detainee only by paying for it, then it must pay,' is considered to be dictum (as Judge Talbot believed and as we think it is) or not, the fact is that that situation was not here present. Accordingly, we need not here decide the particular issue. [*Id.* 208 *N.J.Super.* at 39]

In the instant case, plaintiff again relies upon the quoted language from *Revere* for the same purpose, and our conclusion in *Johnson* dictates the same result. That situation is not here present. Except for one additional contention made in this case, disposition of it is governed by our decision in *Cooper Medical Center v. Johnson, supra.*

The additional argument made here is that the circumstances constituted a taking of private property for public use, without just compensation in violation of *N.J. Const.,* (1947), Article I, par. 20. We find this contention to be without merit for a variety of reasons. Initially, we observe that there is no contention of taking of private property for public use without just compensation alleged in the complaint. In argument before the trial judge, counsel for plaintiff stated his reliance upon the same issues briefed and argued before the court in another matter, neither of which have been provided to us. The trial judge noted two prior cases decided in Camden County involving the identical issue, one of which was thereafter decid-

ed by us in *Cooper Medical Center v. Johnson,* 208 *N.J.Super.* 38 (App.Div.1986), and stated:

> I am doing this because of the fact the two precedents are presently on appeal. The matter will ultimately be decided by the Appellate Division, and it would not, or I should say, should not create a dichotomy regarding the determination of the same issue dealing in the same courthouse, and in the Appellate Division in the near future.

Apparently, the trial judge was not asked to determine the issue of taking of private property for public use without just compensation in violation of the State Constitution, nor was the issue briefed there. Accordingly, we need not consider it here. *See Nieder v. Royal Ind. Ins. Co.,* 62 *N.J.* 229, 234 (1973).

■ The burden of demonstrating that a taking has occurred lies upon the party alleging that the State action is unconstitutional. Proof must be by clear and convincing evidence. *See Matter of Egg Harbor Associates,* 94 *N.J.* 358, 374 (1983). If there has not been a taking, any loss that may be suffered incident to governmental action under the police power in *damnum absque injuria. Washington Market Enterprises v. Trenton,* 68 *N.J.* 107, 116 (1975). We recognize that a calling, business or profession chosen and followed is property, and that a Legislature can no more destroy a business by statute, without providing for compensation, than it can authorize a corporation to take a piece of real estate for public use, except upon compensation. *See State v. Chapman,* 69 *N.J.L.* 464 (S.Ct.1903), aff'd 70 *N.J.L.* 339 (E. & A. 1903). But, it has been held that restrictions on the use of property, if in furtherance of a valid governmental purpose, serve the public interest and are considered a proper exercise of the police power even though they may result in some economic disadvantage. *See N.J. Ass'n of Health Care Facilities v. Finley,* 83 *N.J.* 67, 81 (1980), *cert.* den. 449 *U.S.* 944, 101 *S.Ct.* 342, 66 *L.Ed.*2d 208 (1980).

■ This case does not specifically involve a taking by legislation, but rather, a more tenuous contention, by delivery of injured suspects to a hospital by municipal police for medical care and treatment. We conclude this does not constitute a

taking of those medical care and treatment services. Plaintiff has in fact been compensated for the services rendered under the Diagnostic Recovery Group (DRG) System of New Jersey which incorporates an Uncompensated Care Factor (UCF) into a hospital's fees. *N.J.A.C.* 8:31B–3.41. This UCF is incorporated into the fee to defray the hospital's costs for charity care and bad debt. Furthermore, under 42 *U.S.C.* 291c(e), the Hill-Burton Act, plaintiff receives funds in return for providing care to indigents.[1] From the record, it is clear that McKie was an indigent since he died intestate leaving no assets. Since Pesante absconded without payment of his bill to plaintiff hospital, it is certainly a bad debt. The expenses for the hospitalization and medical care and services to these two individuals is clearly contemplated by the UCF built into the hospital's fees under the DRG. For these reasons, we find plaintiff's contention, that its private property has been taken for public use without just compensation in violation of the New Jersey Constitution, to be without merit.

Affirmed.

---

[1] As an inner-city hospital, plaintiff contends that it fulfills this obligation within the first quarter of the year.