*Nicholas Van Slyck & Cyrus M. Van Slyck*, for plaintiff.

*Rathbone Gardner*, for defendant.

WILLIS P. BATTLES *vs.* THE BOARD OF REGISTRY IN DENTISTRY.

Under Pub. Laws R. I. cap. 712, of June 1, 1888, establishing a Board of Registry in Dentistry, a practitioner who allows the three months provided for in § 3 to elapse cannot register under that section. He may, however, holding a diploma from a reputable dental college, obtain a certificate under § 4, and the board may, if it wishes, allow him to register.

PETITION for a writ of *mandamus.*

Public Laws R. I. cap. 712, of June 1, 1888, provide as follows:

"SECTION 1. The governor of the State shall, on the passage of this act, appoint five graduates in dentistry, residing and doing business within the State, who shall constitute a board of registration in dentistry. The term for which such members shall hold their office shall be three years; except that one of the members first appointed under this act shall hold his office for one year, two for the term of two years, and two for the term of three years respectively, and until their successors shall be duly appointed. In case of a vacancy occurring in said board, it shall be filled by the governor in conformity with this section.

"SECT. 2. Said board shall choose one of its members president, and one secretary thereof, and three of its members shall constitute a quorum. It shall meet at least once a year, or oftener at the call of three members.

"SECT. 3. Within three months from the time of the passage

of this act, it shall be the duty of every person engaged in the practice of dentistry at that time in the State to cause his or her name and place of business to be registered with said board, who shall keep a book for that purpose; and persons so registering shall receive a certificate to that effect from the board.

"SECT. 4. All persons, not graduates of regular dental colleges, who may desire to enter the practice of dentistry in this State, subsequent to the passage of this act, may appear before said board and be examined with reference to their knowledge and skill in dentistry; and to such as undergo a satisfactory examination, certificates to that effect, signed by said board, shall be issued. All persons holding diplomas from reputable dental colleges may present the same to said board, and on such presentation shall receive certificates without examination.

"SECT. 5. Each person receiving a certificate shall pay to said board the sum of two dollars, and each person applying for an examination shall pay, in addition to the fee for certificate, if granted, twenty five dollars, which shall in no case be returned. The fees received for examinations, registration, and certificates shall be appropriated to defray the expenses of the board of registration in dentistry.

"SECT. 6. Any person who shall practise or attempt to practise dentistry in this State, in violation of the provisions of this act, shall be deemed guilty of misdemeanor and liable to indictment therefor, and upon conviction shall be fined not less than fifty nor more than one hundred dollars for each and every offence; and such person's failure to duly register with the board of registration in dentistry shall be evidence of such violation.

"SECT. 7. This act shall take effect upon its passage."

The petition in this case states that the petitioner was, prior to June 1, 1888, engaged in the practice of dentistry in Providence, and was a graduate of the Harvard Dental College; that November 16, 1888, he applied to the respondent board for a registry and a certificate, making tender of the fee of two dollars, which was refused; that he then presented his diploma of graduation, tendered the fee of two dollars, and requested a certificate, which was refused, whereupon he filed this petition to require the members of the board to allow him to register and to issue to him a certificate.

*December* 22, 1888.  PER CURIAM.  We do not find in Pub. Laws R. I. cap. 712, any provision for registering the dentists of the State, except section 3.  Under section 3 it was the duty of every dentist in practice when the chapter passed to register within three months after its passage.  The petitioner cannot register under section 3, the three months having long since elapsed. We do not think, however, that his neglect to register under section 3, whatever other effect it may have, debars him from the right to apply under section 4 for the certificate there provided for.  If, besides giving the certificate, the Board of Registration chooses to allow him to register, we see no objection to its permitting him to do so.

We are inclined to think that cap. 712 is not so comprehensive in its provisions as it was intended to be.

*Simon S. Lapham*, for petitioner.

*Stephen A. Cooke*, for respondents.