Argued March 23; decided April 11, 1898.

## MILLER *v*. MEDICAL BOARD.

[ 52 Pac. 763 ]

COURTS — PHYSICIANS — The proceedings of a board of medical examiners in refusing a license to practice to one applying therefor cannot, after such board has become *functus officio*, be revised by the courts where no proceeding was taken at the time to compel the board by mandamus to act.

From Multnomah : E. D. SHATTUCK, Judge.

Fred D. Miller applied to the state board of medical examiners for a license to practice medicine, but was refused because the application was not made within ninety days after the passage of the act of 1895.   An appeal was taken to the circuit court, and thence here.

AFFIRMED.

For appellant there was an oral argument by *Mr. John W. Gwilt*, with a brief, urging, among others, this point :

During those ninety days, Dr. Miller walked among his brother physicians — with them he alleviated the sufferings of mankind — with them he consulted and they with him ; and now on the ninety-first day, because he perhaps was absent from the state for the preceding ninety days — or perhaps he lay upon a sick bed for ninety days — or perhaps his business took him out among the mountains, where the doings of our legislature are little known — it is brought to his attention that the sixteenth regular session of the Oregon legislature has passed a

law by which the results of his efforts of the preceding dozen years are torn from him. The result is that his clientage, built up by going day or night in storm or shine to the bedside of his patients, as all physicians must do, is taken away, and he walks the streets like Othello, his occupation gone; and should he make one attempt to use his knowledge, or the wisdom that comes from ripe experience of years, that moment he becomes a criminal and subject to prosecution, as if he had been a petty thief.

For respondents there was an oral argument by *Mr. Cicero M. Idleman,* attorney-general, with a brief over the names of *Mr. Idleman* and *Mr. Charles F. Lord,* district attorney, presenting, among others, this point:

As an excuse for his failure to present his certificate within the required time, the fervid imagination of counsel for the appellant has led him to present a very pathetic account of the tribulations of his client, depicting him as a new Santa Filomena, now soothing the throbbing brow of pain in the dreary ward of the hospital, and anon immersed in the profound wildernesses that abound in Oregon, far from all the cheerful adjuncts of civilization, whither he had gone to rescue some poor victim of disease. This may all be truthful or it may not; we confess we don't know, and as counsel has so much better opportunities than we for acquiring information upon this interesting subject, we will allow him the benefit of the doubt. Dr. Miller certainly ought to know about that, though we have examined the appellant's abstract of record in this case without finding any plea of that character, but the appellant may have forgotten about it in the excitement of the trial. If he intended to rely upon such circumstances to prove his right to a license,

he should have made this plea before the board of medical examiners and not raised the point for the first time in the supreme court.

MR. JUSTICE WOLVERTON delivered the opinion.

This is an appeal by Fred D. Miller from the action of the board of medical examiners for the State of Oregon in refusing to recognize him as a licensed physician, under the provisions of "An act to regulate the practice of medicine and surgery," etc., approved February 23, 1895, and in excluding his name from the register of licensed physicians and surgeons.   For several years prior to 1889 the appellant had been engaged in the practice of medicine and surgery in East Portland, Multnomah County, and, being entitled to the privilege, had his name registered as such in the county clerk's office, in accordance with the provisions of section 13 of "An act to regulate the practice of medicine and surgery within the State of Oregon," approved February 28, 1889.   After the passage of an act approved February 21, 1891, amendatory of the act last referred to, but not within ninety days thereafter, the appellant presented to the board a certificate from the county clerk of his registry, accompanied with the requisite fee of $1, and requested that a license be issued to him in accordance with section 3 of said amendatory act; but the request was denied, upon the ground that he had not made the application within the time prescribed by said section 3. Subsequently, in August, 1891, the appellant again applied and presented to said board of examiners a diploma issued by the Hahnemann Medical College, of Chicago, Illinois, accompanied by his affidavit that he was the lawful possessor of the same, and that he was the person therein named; but, the said college not being deemed

an institution in good standing, this application was also denied. Nothing further was done in regard to the matter until the second day of July, 1895, when the appellant applied to the present board for recognition as a licensed physician under the act of 1895. He bases his right to the relief prayed for upon two grounds : First, that he was entitled to a license from the old board upon his application therefor and certificate of registry from the county clerk of Multnomah County, although his application was not made within ninety days after the passage of the act of 1891, and, it having been then wrongfully denied him, that he should now be accorded the privilege of registry ; and, second, that he was entitled to have had a license issued to him upon his second application, based upon his showing and diploma from the Hahnemann Medical College, and that, being so entitled and the same having been wrongfully withheld, the present board should now grant the relief.

It may be remarked in passing that this court has no authority to review or revise the proceedings of the old board of medical examiners. There was no appeal under the law from its action, nor was there any attempt made at the time or since to have its proceedings reviewed in any respect as it concerns the appellant. If the board had been derelict in a duty which it owed to the plaintiff, it could have been required by mandamus to act ; but the remedy was not resorted to, and the board itself has become *functus officio*, so that there remains no way of subjecting its action to review. By section 3 of the act of 1889 (Laws 1889, p. 144), the board was authorized to issue two forms of certificate,— one for persons in possession of diplomas or licenses from legally chartered medical institutions in good standing, and the other for candidates examined by the board. By section 13, the provisions of the act were not to apply to persons then prac-

ticing medicine or surgery within the state, but they were required to cause their names and places of residence to be registered in the office of the county clerk of the county in which they resided, in a registry book therein described, within sixty days after the approval of the act.    Section 3, as amended by the act of 1891 (Laws 1891, pp. 153, 154), provided for the issuance by the board of three forms of certificates, the first two being the same as in the original act, and the third for those who were, at the date of the passage of the act, practicing medicine or surgery within the state, and had registered their names and places of residence in conformity with said section 13. Section 4, as amended, required every such person who had taken advantage of said section 13 to present, within ninety days after the passage of the amendatory act, to the secretary of the board, a certificate of such register from the county clerk, accompanied with a fee of $1, whereupon the board was required to issue its certificate authorizing him to practice his profession.    The act of 1895 (Laws 1895, pp. 61–63) provides for the appointment by the governor of a new and distinct board of examiners, who are empowered to grant licenses only upon examination of the applicant; but it is provided by the last clause of section 3 "that all persons who have been regularly licensed under heretofore existing laws of the state, and have complied with the provisions thereof, shall be taken and considered as licensed physicians under this act, and the secretary of the board herein provided shall enter the names of such persons upon the register kept by him as licensed physicians and surgeons, upon written application of such person, accompanied with such license heretofore regularly issued.

It may be conceded, for the purpose of this case, that if the appellant had presented his certificate of registry, accompanied with the requisite fee of $1 to the exam-

ining board within ninety days after the passage of the act of 1891, with an application for the issuance of a certificate to practice, and the application had been arbitrarily denied, a presentation of such facts to the present board would have been equivalent to an application accompanied with a license regularly issued which would entitle him to registry. But the case presented does not come within the terms of the proposition thus conceded. The application was made after the ninety days had expired, and it is sought to bring it within the meaning of the proposition by a contention that the ninety-days' limit designated is directory only, and that the applicant was entitled to his license if he presented his certificate of registry at any time, even after the designated limit. The right to practice medicine is a privilege which the legislature has constitutional authority to grant upon certain reasonably prescribed conditions. Before a person is entitled to the privilege or can be said to have obtained it, he must comply with the statutory provisions or requirements; and, if the privilege once existed, he may lose it by noncompliance with new requirements. The requirements are conditions to the privilege. Now, the board, under the act of 1891, was empowered to issue a license of the third form upon the applicant's compliance with the condition of the statute that he present the certificate within ninety days. If he did not comply, he was surely not entitled to such certificate as of right. In other words, he was not entitled to exercise the privilege which he sought to have granted him by certificate from the board. Mr. Sutherland says : ''The consequential distinction between directory and mandatory statutes is that the violation of the former is attended with no consequences, while a failure to comply with the requirements of the other is productive of serious results.'' Suth. St. Const., § 446. The plaintiff's right to the priv-

ilege sought depended upon his compliance with the law, and the time designated was a material element in the condition. By reason of his noncompliance, the board acted within its prescribed powers in denying him the privilege by refusing him a license : *Battles* v. *Board*, 16 R. I. 372 (17 Atl. 131). And the present board acted within its prescribed powers in refusing the applicant registry as a licensed physician.

As it respects the second contention, it is only necessary to add that the board of 1891 passed upon the question ; and, whether it decided rightly or wrongly, the present board has no power to correct its judgment. Furthermore, it is not authorized to grant a license upon diplomas from medical colleges alone, without an examination of the applicant ; so it is plain that it has committed no error in refusing the applicant the right of registry. The judgment of the court below will be affirmed.

AFFIRMED.

Decided April 11, 1898.