### BRASWELL v. UNITED STATES et al.
#### Civ. No. 244.

District Court, W. D. Texas, El Paso Division, Sitting at Waco.

April 13, 1943.

Edward Dumbauld, Sp. Asst. to Atty. Gen., Tom C. Clark, Acting Asst. Atty. Gen., and Ben Foster, U. S. Atty., of Washington, D.C., for the United States.

Daniel H. Kunkel, Asst. General Counsel, Interstate Commerce Commission, and Daniel W. Knowlton, Chief Counsel, Interstate Commerce Commission, both of Washington, D. C., for the Interstate Commerce Commission.

Culbertson, Morgan, Christopher & Bailey, of Fort Worth, Tex. (T. S. Christopher and Cecil A. Morgan, both of Fort Worth, Tex., of counsel), for J. V. Braswell.

Before HUTCHESON, Circuit Judge, and BOYNTON and KEELING, District Judges.

## HUTCHESON, Circuit Judge.

The suit was to enjoin and set aside orders of the Interstate Commerce Commission to the extent that they limited and thereby in part denied the "grandfather" certificate complainant had applied for. The claim was that in limiting the common carrier certificate, the commission granted, to the movement of edible nuts westbound from San Antonio, Texas, to Los Angeles, California, and general commodities, with certain exceptions, eastbound from Los Angeles to San Antonio, but not serving any intermediate points, and thereby denying applicant the right to carry general commodities eastbound and to serve the intermediate points of El Paso, Tucson, Phoenix and Yuma, the commission had failed and refused to follow the evidence and had acted arbitrarily in refusing.

The defense was a general denial and an insistence that in making the reports and orders in the proceeding before it, the commission had considered and weighed carefully, in the light of its own knowledge and experience, each fact, circumstance, and condition called to its attention on behalf of the parties, and that its order instead of being arbitrary and without support in the evidence was fully supported and reasonable.

On allegations that for some years before, and continuously since, June 1, 1935, the applicant had been engaged in operations as a motor carrier carrying general commodities between San Antonio, Texas, and Los Angeles, California, including the intermediate points of El Paso, Tucson, Phoenix and Yuma, over regular routes, complainant, as applicant, applied to the commission, under the "grandfather" clauses, Sections 206(a) and 209(a) of the Motor Carrier Act of 1935,[1] for a certificate of public convenience and necessity or a permit authorizing continuance of his operation as a common or contract carrier by motor vehicle in interstate or foreign commerce of general commodities except explosives, produce, live stock and farm products, between those points. The application was vigorously protested by the principal Texas railroads, Pacific Southwest Railroad Association, State Corporation Commission of New Mexico, Interstate Freight Carriers' Conference, Inc., and certain motor carriers operating in the territory. There was a full hearing in which a great deal of evidence, both oral and documentary, was taken on whether the applicant was in fact in bona fide operation as a common carrier on June 1, 1935, and on whether, if the operation of the applicant were bona fide, they were those not of a common carrier of general commodities but of a contract carrier of shelled pecans westward and of a few commodities eastward between San Antonio and Pacific coast points. The hearing concluded on October 26, 1939, and division five of the commission filed its report,[2] apparently rejecting or at least paying little attention to the oral uncontradicted testimony, and purporting to base its findings and order entered on the written and documentary evidence introduced. Finding: that applicant, a common rather than a contract carrier, had not sufficiently shown, to entitle it to a common carrier

---

[1] 49 U.S.C.A. §§ 306 and 309.

[2] 19 M.C.C. 677.

certificate as a carrier of general commodities, that it was on June 1, 1935, engaged in hauling general commodities, but had shown only a hauling of special commodities, principally pecans, westward, and automobile parts and accessories, janitor supplies, wines, liquors, plumbers' goods and water heaters eastward; that it was entitled to a limited grandfather certificate of public convenience and necessity, authorizing the continuance of such operations; but that in all other respects its application should be denied; the commission entered its order limiting applicant's certificate accordingly.

■ Applicant complaining that the findings and order arbitrarily disregarded the evidence and its effect, and unreasonably restricted applicant's certificate, secured a reconsideration. On December 8, 1942, the full commission handed down a report modifying the findings in its prior report. Still denying the full certificate applied for, it enlarged the certificate granted so as to authorize the westbound carriage of edible nuts from San Antonio, Texas, to Los Angeles, California, and the eastward carriage of general commodities with certain exceptions from Los Angeles to San Antonio,[3] but not permitting service to and from intermediate points. An order was therefore entered directing the issuance of an appropriate amended certificate in accordance with the amended findings and denying the application except to the extent granted. Plaintiff is here attacking the findings on which this order is based, as arrived at by the arbitrary rejection and disregard of positive and uncontradicted testimony, and the order as the result of an effort to microscopically pare down and whittle away in disregard of statutory standards a right which under the undisputed facts the statute has given him. Pointing to the documentary evidence as to the numerous and various commodities handled westbound from San Antonio to Los Angeles, and to the oral evidence which without contradiction shows that he both held himself out to carry and carried general commodities both east and west, plaintiff insists that the findings are without support in the evidence and the order is an arbitrary one. Conceding that though the statute does not in terms provide for limiting grandfather certificates to particular commodities, the commission may rightfully limit such a certificate to the carriage of special commodities when the facts examined and determined in the light of the statutory standards show that the carriage, which is the basis of the right claimed, was in fact so limited, plaintiff insists that no such case is made out here. Conceding, too, that the record supports the conclusion that plaintiff during the critical time did actually carry a larger assortment of general commodities from west to east than he did from east to west and that in that period he carried west more nuts than he did any other commodity, plaintiff, pointing to the undisputed proof that he held himself out to carry and did carry general commodities east to west, as well as west to east, insists that there is no legal basis in the evidence for limiting his certificate as a carrier westbound to the one commodity, edible nuts. As to the service to and from intermediate points, admitting that the actual carriage to and from them was nowhere near as large as that carried through, plaintiff yet insists that the undisputed evidence shows that on and after the critical date he was a common carrier between those points of the same general commodities that he was holding himself out to carry and did carry through. Urging that the record standing thus, the commission's order has unlawfully deprived him of a right he is entitled to and must have to live, he invokes the language of the Supreme Court in United States v. Carolina

[3] "Upon reconsideration, we find that on and continuously since June 1, 1935, applicant was and has been engaged in operation, in interstate commerce, as a common carrier by motor vehicle (1) of edible nuts from San Antonio, Texas, to Los Angeles, California, and (2) of general commodities, except articles of unusual value, dangerous explosives, commodities in bulk and those requiring special equipment, from Los Angeles to San Antonio, in each instance over the following route: (Route described) serving no intermediate points; that a certificate authorizing continuance of such operations should be granted; and that the application to the extent it was reopened, should be denied in all other respects.

"Upon compliance by applicant with the requirements of sections 215 and 217 of the act and our rules and regulations thereunder, an appropriate amended certificate reflecting our findings herein will be issued. An order will be entered denying the application except to the extent granted herein."

Freight Carriers Corporation, 315 U.S. 475, 62 S.Ct. 722, 729, 86 L.Ed. 971: "To appellee such matters involve life or death. Empty or partially loaded trucks on return trips may well drive the enterprise to the wall. *A restriction in this case of the commodities which may be carried from any one point on southbound trips is a patent denial to appellee of that 'substantial parity between future operations and prior bona fide operations' which the Act contemplates. * * * Its prior opportunity should not be restricted beyond the clear requirements of the statute. For this Act should be liberally construed to preserve the position which those like appellee have struggled to obtain in our national transportation system. * * * Congress has prescribed statutory standards pursuant to which those rights are to be determined."* (Emphasis supplied.)

It also invokes the language of that court in Howard Hall Co. v. United States, 315 U.S. 495, 62 S.Ct. 732, 735, 86 L.Ed. 986:

"As we indicated in United States v. Carolina Freight Carriers Corp., supra [315 U.S. 475, 62 S.Ct. 722, 86 L.Ed. 971], if the applicant had established that it was a 'common carrier' of general commodities during the critical periods in a specified territory, restrictions on commodities which could be moved between specified points in that territory would not be justified.

"The mere fact that the particular commodities had never been transported between designated points in that territory would not mean that authority to haul them between such points should be withheld."

and the ruling in Alton Ry. Co. v. United States, 315 U.S. 15, 62 S.Ct. 432, 86 L.Ed. 586.

The commission on its part insisting that its function is to determine the facts and that its findings and order must be sustained if supported by evidence, argues that it was for it to say whether it should reject the oral testimony to be guided alone by the documentary evidence, and that in finding from that evidence that while applicant was perhaps holding himself out to haul general commodities, he did not in fact do so, it was well within the record. It particularly defends its statement of the governing principle upon which it rests its decision that "in order

to be entitled to 'grandfather' rights with respect to the hauling of general commodities there should be some greater showing than has been made herein that a diversified class of commodities was actually being handled consistent with any holding out in that respect on and prior to the statutory date". It also insists that its finding that the solicitation and hauling of other commodities was merely incidental to applicant's main business and occurred occasionally for the purpose of fillers for the loads of the specific commodities he was handling is supported by evidence and itself supports the conclusion that this is not sufficient to make him a general carrier. It will serve no useful purpose for us to discuss the authorities on which complainant and the commission rely, for the legal principles governing this case are not in dispute. It is for the commission to determine from the evidence whether the facts exist which entitle the applicant to the certificate he applies for. In other words, the withholding or the granting of a "grandfather" certificate is not a matter resting within the discretion of the commission to be granted or denied as a matter of grace. It must be granted if the facts show applicant entitled to it, it must be denied if they fail so to show, and, if the controlling facts are in dispute, it is for the commission, under well-settled principles, to determine where the truth lies and what has in fact been proven. Also, though the statute contains no provision authorizing the commission to limit grandfather certificates to particular commodities, it may not be doubted that the guiding principle of action under the statute which authorizes a continuance of operations bona fide conducted on and after the critical date authorizes the commission to limit the certificate in accordance with the facts. This concession, however, does not mean that, where the undisputed evidence, as here, shows an operation as a common carrier with a holding out to carry commodities in general and an actual carrying of many of them, the certificate can be limited to special commodities because applicant could not always get a general cargo or because, though he held himself out as, and was, a carrier of general cargo, his carrying space was most often occupied by a particular kind of goods. A careful consideration of the findings and order complained of in the light of the undisputed evidence in the record and of the principles controlling here, convinces

us that in limiting the certificate to carrying edible nuts westbound instead of granting applicant the same certificate westbound as eastbound, the findings and order are clearly contrary to and without support in the evidence, and the order so limiting the certificate may not stand.

As to the carriage to and from the intermediate points, we think there is undoubtedly less positive evidence that the applicant was a carrier of general commodities to the intermediate points than there was as to his being such a carrier through. But we think it plain that the record admits of no other reasonable conclusion than that, within the principle established in Hall v. United States, supra, the applicant established that he was a common carrier of general commodities during the critical period to and from the intermediate points concerned, and that the order denying the certificate as to such carriage is likewise invalid. Because the findings are without support in the evidence, and the order, limiting plaintiff's certificate for carriage westbound and denying it altogether for carriage to and from intermediate points, is in that respect arbitrary and invalid, a decree enjoining and setting the order aside to the extent that it limits and denies plaintiff's application will be entered.