**CONSOLIDATED COPPERSTATE LINES et al. v. UNITED STATES (INTERSTATE COMMERCE COMMISSION, Intervener). Civ. A. No. 308.**

District Court, W. D. Texas, El Paso Division, Sitting at Austin.

May 31, 1946.

Glanz & Russell and Henry F. Walker, all of Los Angeles, Cal., Kenneth McCalla, of Austin, Tex., and Frank Loughran, of San Francisco, Cal., for plaintiffs.

Edward Dumbauld, Sp. Asst. to Atty. Gen., Wendell Berge, Asst. Atty. Gen., and James McCollum Burnett, U. S. Dist. Atty., of San Antonio, Tex., for the United States.

Culbertson, Morgan, Christopher & Bailey, of Fort Worth, Tex., for intervening defendant J. V. Braswell.

Before HOLMES, Circuit Judge, and BOYNTON and RICE, District Judges.

HOLMES, Circuit Judge.

This is an action to set aside an order of the Interstate Commerce Commission, granting authority to J. V. Braswell to operate by motor vehicle as a common carrier of general commodities over a regular route between San Antonio, Texas, and Los Angeles, California, also serving certain intermediate points. Plaintiffs are competitors of Braswell, who, with the approval of the Commission, was substituted as applicant.

In Braswell v. United States, D.C., 49 F.Supp. 940, wherein the motor carrier

sued to prevent its own operating rights from being extinguished, this court set aside an order of the Commission to the extent that it limited the certificate of public convenience and necessity which was granted to the applicant, the court holding that the limitation so placed upon the certificate was without support in the evidence. A final decree was entered, setting aside the order to the extent that it denied plaintiff's application, and enjoining the defendants from enforcing said order as limited, but without prejudice to the right of the Commission to reconsider said application and to enter such further order as should not be inconsistent with the opinion of the court theretofore filed.

After the entry of said decree and consistently therewith, the Commission reconsidered Braswell's application and granted it. On October 11, 1943, the Commission entered the order that is now under attack. On November 9, 1943, plaintiffs herein filed with the Commission their petition for a rehearing, setting forth in great detail the history of this case. They alleged that the findings of the Commission as to the continuous operations of Braswell and his predecessors in interest were without support in the record, and that no evidence was ever taken by the Commission as to the continuity of service between the closing of the record on November 17, 1938, and October 11, 1943. They requested that the entire matter be reopened and that evidence be taken with respect to the allegations of their petition. This petition was denied by the Commission on February 7, 1944. Thereafter, to-wit, March 13, 1945, the plaintiffs filed this suit, praying that the order of October 11, 1943, and any certificate issued pursuant thereto, be enjoined, set aside, annulled, and suspended.

The fundamental contention of the plaintiffs is that the order of October 11, 1943, is void because it was not supported by any substantial evidence of a continuous operation since June 1, 1935, by Braswell and his predecessors in interest; and that the denial of plaintiffs' petition for a rehearing by the Commission was arbitrary, and amounted to an abuse of discretion. The defendant and intervener deny these allegations, and in addition affirmatively plead laches and res judicata.

The portion of the record offered in evidence by the plaintiffs discloses very little of what took place before the Commission prior to the petition for rehearing, the denial of which is the basis of the complaint herein. All of the record here offered relates to the period supervening after February 5, 1941; but from allegations of the complaint, and statements in the brief of counsel for the plaintiffs, it appears that prior to that date an application had been filed, hearings held, decisions of the Commission entered, and several transfers of the rights here involved effected by and with the approval of the Commission.

The Commission contends that the plaintiffs have unreasonably and unconscionably delayed the bringing of this suit. Moreover, it contends that the issue of continuity of service was impliedly adjudicated by this court in the action brought by Braswell to set aside the Commission's order of December 8, 1942; and that plaintiffs, having failed to intervene in that proceeding, cannot now relitigate issues that were therein necessarily decided. We recognize the force of these contentions, particularly the argument that piecemeal review of administrative determinations is contrary to public policy; but it is unnecessary for us to decide these questions because it was entirely discretionary with the Commission to grant or deny a rehearing, and no abuse of its discretion appears from the record before us. It is impossible for this court to decide that the Commission's action was arbitrary, in the absence of the entire record upon which its action was taken. The record before us fails to disclose any evidence contained in the transcript of hearings prior to February 1, 1941, the pleadings in connection with the several transfers, or any other part of the large record made before that date.

An impossible situation would result if plaintiffs' contention were accepted and no gap allowed between the time the record was closed and the time of rendering the administrative decision. On this issue two

recent decisions of the Supreme Court are conclusive. In Interstate Commerce Commission v. Jersey City, 322 U.S. 503, 514, 64 S.Ct. 1129, 1134, 88 L.Ed. 1420, the court said it was almost a rule of necessity that rehearings were not matters of right, and that the discretion to be invoked was that of the body making the order. Upon the effect of a gap between the administrative decision and the completion of the evidence, the court said that if, upon the coming down of the order, litigants might demand rehearings as a matter of law because some new circumstance had arisen, some new trend had been observed, or some new fact disclosed, "there would be little hope that the administrative process could ever be consummated in an order that would not be subject to reopening." The same rule was reaffirmed as late as March 11, 1946, in United States v. Pierce Auto Freight Lines, Inc., 66 S.Ct. 687.

Therefore, apart from the defenses of laches and res judicata, the plaintiffs' complaint should be dismissed, and it is so ordered.