Argued March 8, affirmed as modified March 22, 1961

# STATE SANITARY AUTHORITY *v.* PACIFIC MEAT COMPANY

360 P. 2d 634

*George W. Mead,* Portland, argued the cause for appellant. With him on the brief was Paul Gerhardt, Portland.

*Cecil H. Quesseth,* Special Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General.

Before MCALLISTER, Chief Justice, and ROSSMAN, WARNER, PERRY, SLOAN, O'CONNELL and GOODWIN, Justices.

PER CURIAM.

The defendant corporation, which operates a commercial meat packing plant, appeals from the follow-

ing decree entered by the trial court in favor of the relator State Sanitary Authority:

> "* * * * *
>
> "1. That the defendant, Pacific Meat Co., its employees, servants and agents, and all persons acting by, through or under its authority or direction be, and they hereby are permanently enjoined and restrained from discharging any and all industrial wastes from its meat packing plant in the City of Portland, Oregon, into the waters of the Columbia Slough in Multnomah County, Oregon.
>
> "* * * * *."

The prayer of the complaint which commenced this suit asked only for an injunction to prevent the defendant from discharging industrial wastes *without adequate prior treatment* into the waters of the Columbia Slough.

The evidence before the trial court established that the packing company had constructed a lagoon system with related engineering devices for the purpose of removing harmful material from water discharged into the Columbia Slough. The evidence further established that if operated properly the defendant's purification system would substantially eliminate the nuisance complained of. There was convincing evidence that the defendant did not operate or maintain its lagoon system in a consistently effective manner.

While the suit was pending, the defendant continued to make repairs and alterations to its purification system. At the time of trial, however, the defendant was still discharging slaughterhouse wastes into the stream. When the decree was entered, all that remained for the defendant to do to prevent stream pollution was to maintain and operate its system properly.

■■ In this appeal, the defendant has challenged

certain orders promulgated by the sanitary authority some years before the trial. It is sufficient to observe at this point that the right to challenge the earlier orders of the sanitary authority was waived by failure to seek judicial review of such orders in the manner prescribed by law. At all times material to this suit, ORS 449.065 provided for judicial review. Such a statutory remedy is exclusive. *Willamette Val. Lbr. v. Tax Com.,* 226 Or 543, 359 P2d 98, and cases cited therein.

However, the state is not now relying solely upon its earlier administrative orders as the foundation of this suit. The suit is to abate a nuisance. It has been the law of this state since *Smith v. Silverton,* 71 Or 379, 384, 142 P 609, that the state has the power to prevent stream pollution.

The State of Oregon has the power, even without the benefit of a statute, to abate a public nuisance. *Bernard v. Willamette Box & Lumber Co.,* 64 Or 223, 228, 129 P 1039. Since the defendant has not contended that the State Sanitary Authority, created by ORS ch 449, is not a proper relator to bring this suit in the name of the State of Oregon, it would appear that upon the finding that a public nuisance existed, the trial court properly granted injunctive relief. *Smith v. Silverton,* supra.

The defendant has attempted in this case to challenge the constitutionality of ORS ch 449 on a variety of grounds. We decline to consider them. The present statute, amended from time to time, is the basic antipollution statute enacted by the people at the general election of 1938. It created the State Sanitary Authority and expressed the public policy under which the authority was to operate. Later amendments have modified certain administrative procedures and have enlarged the scope of the authority created. Apart

from the act of bringing this suit to abate a nuisance, no other action taken by the State Sanitary Authority is before this court. Accordingly, no useful purpose would now be served by addressing ourselves to abstract propositions of constitutional law. See *State ex rel. v. Funk,* 105 Or 134, 155, 199 P 592, 209 P 113, 25 ALR 625.

On oral argument the state conceded that it was entitled to no greater relief than was demanded in the complaint. The packing company likewise conceded that if the state was entitled to injunctive relief in this case then a decree in the terms of the prayer of the complaint would be proper except for alleged indefiniteness.

■■ The supposed lack of certainty in the decree prayed for is illusory. In the event the defendant continues to pollute the stream after entry of the decree, the presence or absence of adequate prior treatment to eliminate a public nuisance will be a question of fact. Objective certainty is always to be desired in the framing of an injunctive decree. See *Atkinson v. Bernard, Inc.,* 223 Or 624, 355 P2d 229, and cases cited therein. However, in the instant case, the discharge of animal waste into a river is a fact the existence of which can be determined by the employment of relatively simple tests.

■ The appropriate wording of the decree and the propriety of granting injunctive relief being clearly established, the decree is modified to conform to the prayer of the complaint.

Affirmed as modified; neither party to recover costs.