452 P.2d 321

**MONROE CITY, Plaintiff and Respondent,**

**v.**

**Charles L. ARNOLD, Norris K. Arnold and John R. Arnold, dba Arnold Hog Ranch, Defendants and Appellants.**

**No. 11300.**

Supreme Court of Utah.

March 20, 1969.

---

4. See Sec. 54–7–16, U.C.A.1953.

5. Sec. 54–6–4, U.C.A.1953, Powers and Duties of Commission.

Ronald C. Barker, Salt Lake City, for defendants and appellants.

Tex R. Olsen, Richfield, for plaintiff and respondent.

TUCKETT, Justice.

The plaintiff, Monroe City, commenced these proceedings asking the court to enjoin the defendants from operating a hog ranch within the limits of the municipality. The complaint named Charles L. Arnold as the sole defendant and the other two defendants were brought in during the course of the trial.

The record shows that the premises consisting of two city lots of an area of about two acres were being used to propagate and raise between 200 and 250 pigs. Even though the defendant Charles L. Arnold who was in charge of the operation made some efforts to keep the premises reasonably clean, nevertheless offal and waste products did accumulate especially during the winter months and as a result noxious and unpleasant odors permeated the neighborhood adjacent to the operation. The evidence clearly shows that the residents of Monroe City who live near the hog ranch and travelers upon the public streets were offended by the odors emanating from the premises of the defendants. It was necessary at times that the residents of the surrounding area keep their windows closed in order to lessen the odors entering their homes. There was also evidence to the effect that the squealing of the pigs disturbed the sleep of the people living in the area. The trial judge after hearing the evidence found that the defendants were maintaining a public nuisance and enjoined them from continuing the operation of the hog ranch.

On appeal the defendants contend that the trial court erred in its findings and decision in the following respects: (1) that the plaintiff Monroe City was without power to proceed in equity to enjoin the operation; (2) that the plaintiff was only empowered to proceed by legislative action to declare the piggery a nuisance; (3) that the remedy adopted by the court was excessive and was only applied to these defendants when other residents of the City were engaged in raising hogs within the limits of the municipality; and (4) that the defendants Norris K. Arnold and John R. Arnold were improperly joined as parties during the course of the trial.

■ There is ample evidence in the record to support the court's finding that the hog ranch did in fact amount to a public nuisance.[1] It should be noted that the operation consisted of raising more than 200 pigs within a limited area which created unpleasant and disagreeable odors which were offensive to those people living in the vicinity and the users of the public streets.

■ We are of the opinion that the grant of power by the legislature is sufficient to authorize the City to proceed by a suit in equity to enjoin a nuisance such as we have here from continuing. Section 10–8–67, U.C.A.1953, provides as follows:

They may prohibit any offensive, unwholesome business or establishment in and within one mile of the limits of the corporation, compel the owner of any pigsty, privy, barn, corral, sewer or other unwholesome or nauseous house or place to cleanse, abate or remove the same, and may regulate the location thereof.

We are of the opinion that the statute does not limit the manner by which a city might deal with a problem such as this to its legislative powers alone, but that a city might, if it so desires, enlist the aid of the courts, and that the better reasoned cases from other jurisdictions support our conclusion in this regard.[2]

■ During the course of the trial the evidence revealed that a few months prior to the commencement of these proceedings the defendant Charles L. Arnold had conveyed title to the premises in question to his sons Norris K. Arnold and John R. Arnold. The two sons were in court during the trial, and the court after some discussion with counsel concluded to make the sons parties defendant without the service of summons or other process. We are of the opinion that the defendants Norris K. Arnold and John R. Arnold could not be made parties defendant in the manner adopted by the court.[3] We must therefore conclude that Norris K. Arnold and John R. Arnold were not properly before the court and the judgment as to them must be reversed. However, the record shows that the defendant Charles L. Arnold had operated the hog ranch for a period of twenty-six or -seven years and that he continued to operate the same after he had conveyed away the title to the premises. The fact that he had conveyed away the title to the premises would in no way affect these proceedings as to him.

■ We should note a further claim of the defendants that the City should not be

1. 2 A.L.R.3d 931.
2. Village of Kenesaw v. Chicago, B. & Q. R. Co., 91 Neb. 619, 136 N.W. 990; State of Oregon ex rel. State Sanitary Authority v. Pacific Meat Co., 226 Or.

494, 360 P.2d 634; McQuillin, Municipal Corporations, Vol. 7, Sec. 24.293.
3. See Rule 21, U.R.C.P., and Barron & Holtzoff, Fed.Prac. & Proc., Rules Ed., Sec. 543, p. 223.

permitted to proceed against the hog ranch here in question without first proceeding against all other persons who maintain piggeries within the limits of the City. We find this contention to be without merit.

The decision of the court below is affirmed except as above noted. Plaintiff is entitled to costs as against the defendant Charles L. Arnold.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.