Argued December 19, 1972, dismissed February 2, petition
for rehearing denied February 22, petition for
review denied April 10, 1973

TERRY, *Petitioner, v.* LAYMAN, *Respondent.*

505 P2d 930

*Howard Hedrick,* Portland, argued the cause for petitioner. With him on the brief were Hedrick, Fellows & McCarthy, P.C., Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

THORNTON, J.

Petitioner seeks judicial review of an order of respondent Real Estate Commissioner denying petitioner's application for a real estate salesman's license.

On appeal petitioner advances two contentions:

(1) That respondent's actions in (a) denying the application and (b) refusing to grant a new hearing violated petitioner's rights guaranteed by the due process clause of the Fourteenth Amendment to the United States Constitution.

(2) That the evidence offered by respondent at the hearing was not sufficient to support respondent's order denying the application.

Proceedings of the Real Estate Commissioner

are subject to the provisions of the Administrative Procedures Act. ORS 183.310 et seq.

Petitioner was issued a real estate salesman's license on October 26, 1971. The following day, October 27, petitioner was convicted upon plea of guilty in the United States District Court for Oregon of the crime of conspiring with another to falsely make an endorsement on certain "Series E United States Savings Bonds" for the purpose of obtaining money from the United States. He was sentenced to serve a term of three years in a federal penitentiary.

On December 7, 1971, petitioner's license was voluntarily returned to the Real Estate Commissioner by petitioner's former broker-employer.

Petitioner was imprisoned until February 1, 1972, at which time he was released from confinement and placed on probation. His probation is scheduled to continue until October 26, 1974.

Following his release petitioner apparently applied to have his license "reinstated."[1] The commissioner notified petitioner of his intention to deny the application. Thereafter on April 25, 1972, petitioner requested a hearing. The hearing was held May 4, 1972, before John E. Black, the then Real Estate Commissioner.

On June 8, 1972, Commissioner Black denied the "reinstatement"[1] of petitioner's real estate salesman's license on the ground that

"* * * There has been insufficient time pass since the release of the applicant from custody for

[1] Use by the parties of the term "reinstatement" in describing petitioner's application herein appears to be inaccurate. We find no provision in the real estate law authorizing the commissioner to "reinstate" a license. See 12 Op Att'y Gen 582 (1924-26).

the commissioner to determine his social attitudes, his ability to manage his own affairs and his trustworthiness when faced with temptations and how these will relate to his qualifications to be entrusted with the responsibility of a real estate salesman * * * ."

On July 3 petitioner filed what he termed a "Motion to Re-Open" the proceeding. This motion was apparently denied on July 12 by Fred H. Layman, respondent herein, who succeeded Mr. Black as Real Estate Commissioner. Petitioner then filed his petition for judicial review on August 7, 1972.

The record before this court is incomplete in several essential respects:

First, the record does not contain either the original or a certified copy of petitioner's application which he asserts was wrongfully denied by respondent, or respondent's notice denying the same. Without these documents in the record we are unable to determine the statutory basis for petitioner's request, or what specific action the respondent was authorized or required to take with reference to that application.

Secondly, the record does not document nor tell us on what basis petitioner's original license was surrendered, or what action was taken thereon. Was it surrendered pursuant to the provisions of ORS 696.221? What formal action, if any, did the Real Estate Commissioner take thereon? Was it thereafter canceled or revoked, or did it become an inactive license as provided for in ORS 696.221?

We also note that the record does not contain a copy of the order denying petitioner's motion to reopen.

ORS 696.160 provides for the original issuance of brokers' and salesmen's licenses.

ORS 696.174 authorizes annual renewal of licenses of brokers and salesmen.

ORS 696.221 authorizes the voluntary return by the employing broker of a salesman's license to the commissioner. The same section goes on to provide that after the license of a salesman has been returned to the commissioner it may

"(2) * * * * *

"(a) Become an inactive license.

"(b) Be reissued to the same broker.

"(c) Be reissued to a different broker."

ORS 696.224 provides:

"(1) The license of a real estate salesman becomes an inactive license if it is not reissued, revoked or suspended within 10 days after his employment with a broker is terminated.

"* * * * *."

ORS 696.226 provides that inactive licenses may be (a) renewed, (b) reactivated, or (c) "[r]evoked or suspended by the commissioner when conditions exist under which the commissioner would have been authorized to revoke or suspend the license if it were active."

Thus if petitioner's license was surrendered under ORS 696.221 he would not appear to be entitled to apply for a renewal under ORS 696.174.

■ While ORS 183.480 provides that the public agency shall prepare and certify the record for judicial review by this court, it is the petitioner's responsibility to make certain that the record is suf-

ficiently complete to permit this court to review whatever issues he seeks to raise. Petitioner has legal means of compelling the respondent agency to certify a complete record if not satisfied with the record certified. ORS 183.480 (4). It is not for this court on this appeal to order a more complete record. *See, Gooley v. De Witt,* 70 Ohio L Abs 338, 122 NE2d 123 (1954).

■ We are unable to undertake review in this case in the absence of the entire record on which respondent's action was taken. *See, Consolidated Copperstate Lines v. United States,* 65 F Supp 950 (WD Tex 1946).

Petition dismissed.