Argued March 24, affirmed April 14, reconsideration denied
May 21, petition for review denied June 10, 1975

WHITMIRE, *Petitioner, v.* OREGON STATE
BOARD OF CHIROPRACTIC EXAMINERS (3768),
*Respondent.*
533 P2d 1375

*Harold W. Adams,* Salem, argued the cause and filed the brief for petitioner.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

THORNTON, J.

Petitioner seeks judicial review of an order of the Board of Chiropractic Examiners (Board) denying petitioner's application for a license to practice chiropractic. ORS 183.480.

The findings filed by the Board recite the following chronology of events:

On June 16-18, 1973, petitioner took a regular state examination to practice chiropractic, but failed to pass.

On July 24-26, 1973, the Board permitted petitioner to take a second state examination, but petitioner failed to pass two subjects, Clinical Laboratory and Diagnosis.

On September 26, 1973, the Board permitted petitioner to take a third state examination in the two subjects in which he had failed. Petitioner passed Diagnosis, but again failed Clinical Laboratory.

The findings also recite that on some unspecified date in 1973 petitioner received a passing score in Clinical Laboratory by taking a national examination in this subject administered under the auspices of the National Board of Chiropractic Examiners. The Oregon Board found that

"* * * The test was not as strict as a test administered by this Board and was graded on a curve.

"* * * The Board does not grade on a curve, but on individual merit."

On April 5, 1974, petitioner was permitted to take a fourth state examination in Clinical Laboratory only, but failed to pass.

Petitioner then requested a hearing as a result of having failed the last examination. Following a hearing on June 20, 1974, the Board found that petitioner had failed the April 5 examination and was not entitled to practice chiropractic.

Petitioner contends that the Board erred (1) in not accepting the results of the test in the subject of Clinical Laboratory given by the National Board of Chiropractic Examiners which petitioner passed; (2) in requiring petitioner to take the April 5, 1974 test in Clinical Laboratory and ruling that petitioner had failed; (3) in applying an invalid and unconstitutional 75 per cent standard to petitioner's April 5 examination; and (4) in limiting the scope of the hearing requested on denial of the license.

A threshold issue in this case is the contention by petitioner that he was wrongfully denied the opportunity to supplement the record of the administrative hearing with documents he deems vital to a proper judicial review by this court. We do not agree.

ORS 183.480(4) provides in part:

"* * * The court [of appeals] may require or permit subsequent corrections or additions to the record when deemed desirable * * *."

ORS 183.480(5) provides in part:

"If, on review of a contested case, before the date set for hearing, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good and substantial reasons for failure to present it in

the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon such conditions as the court deems proper. * * *"

In *Terry v. Layman,* 12 Or App 283, 287-88, 505 P2d 930, Sup Ct *review denied* (1973), this court stated:

"While ORS 183.480 provides that the public agency shall prepare and certify the record for judicial review by this court, it is the petitioner's responsibility to make certain that the record is sufficiently complete to permit this court to review whatever issues he seeks to raise. Petitioner has legal means of compelling the respondent agency to certify a complete record if not satisfied with the record certified. ORS 183.480(4). It is not for this court on this appeal to order a more complete record. * * *"

■ We are of the opinion that petitioner's request of March 10, 1975, which was more than three and one-half months after the record had been served, and after petitioner's and respondent's briefs had been filed in this court and the case set for argument, was not timely made, and was therefore properly denied. Moreover, most of the documentary evidence which petitioner was seeking to have added to the record concerned the Board's actions on examinations taken by petitioner prior to April 5, 1974. In our view of this case, the issue is the validity of the Board's action solely with reference to the April 5 examination. Petitioner's proposed evidence would therefore not be relevant. (See our discussion of petitioner's fourth assignment, infra.)

Turning to the merits, for the reasons which follow we reach the conclusion that on the record before us none of petitioner's contentions can be sustained.

■■ The state has plenary power to regulate the

various healing arts, including chiropractic. This power includes the power to require practitioners of these arts to obtain licenses as a condition of engaging in practice, *Semler v. Oregon Dental Examiners,* 148 Or 50, 34 P2d 311 (1934), *aff'd* 294 US 608, 55 S Ct 570, 79 L Ed 1086 (1935), and to pass a satisfactory examination before licensure. *Collins v. Texas,* 223 US 288, 32 S Ct 286, 56 L Ed 439 (1912).

■ Under ORS 183.480(7)(a) and (d) we are required to affirm if we find that the administrative decision is not "unlawful in substance or procedure," and there is substantial evidence in the record supporting it. *Hickam v. Morgan,* 9 Or App 25, 495 P2d 1243 (1972).

We have examined the record and findings and conclusions of the Board and conclude that the administrative decision is not unlawful in substance or procedure in any of the particulars challenged by petitioner, and that there is substantial evidence therein to support the decision of the Board that petitioner failed the April 5 examination. We can find no evidence in the record to support several unessential findings, e.g., that petitioner took and failed prior examinations, that petitioner took and passed the national examination in Clinical Laboratory, that the national examination was not as strict as a test administered by the Oregon Board.[1] However, the fact that

---

[1] ORS 684.052 provides:

"In lieu of an examination in any or all required subjects, the board may accept a passing grade on a test administered by a national testing agency approved by the board if the test is no less strict than a test administered under ORS 684.050."

ORS 684.050(3) provides:

"All examinations shall be in writing, the subjects of which shall be in accordance with subsection (4) of this section. A license shall be granted to all applicants who correctly answer 75 percent of all questions asked under each

petitioner took and failed to achieve a passing grade in prior examinations (except the national examination) appears to be implicit, if not conceded, in the brief filed by petitioner's counsel in this court.

Petitioner's first two assignments involve basically one contention, viz., the Board erred in refusing to accept the result of the national examination. For reasons which are fully discussed under petitioner's fourth assignment, this issue is not before us.

■ On petitioner's third point, we are unable to see how under any theory the 75 per cent standard specifically mandated by ORS 684.050(3) can be deemed invalid and unconstitutional. Further, there is no allegation or showing that the actions of the Board in conducting the examination were biased, prejudiced or fraudulent.

Lastly, petitioner contends that the Board improperly limited the scope of the hearing. More specifically petitioner contends that the Board wrongfully refused to allow him to challenge, as part of the June 20, 1974 hearing, the Board's earlier actions with reference to the examinations of June, July and September 1973 (plus the national examination), referred to above. The record shows that petitioner made what was in effect an objection to the form of the notice at the commencement of the June 20 hearing. He did not, however, request a continuance. Petitioner argues vigorously that under accepted principles of administrative law, including due process and exhaustion of administrative remedy, the denial which followed the April 5 examination was the final order of the agency and that he was entitled to defer

subject, and if any applicant fails to answer correctly 75 percent of the questions on any branch of the examinations he is not entitled to a license. The applicant shall, however, be given credit for all branches passed."

his challenge to the earlier denials until after petitioner's last examination and rejection.

The Board counters this argument by making two points: First, if petitioner wished to challenge prior denial actions, petitioner should have done so at the time he was notified that he had failed the particular examination. Second, if petitioner had any objections to the form of the notice of hearing, those objections should have been raised "at or prior to the commencement of the hearing." Otherwise those objections are deemed waived. ORS 183.480(7)(a).[2]

Petitioner also asserts that the Board erred in refusing to consider a substantial amount of documentary evidence, including his answers in the earlier examinations, the examination given under the auspices of the National Board of Chiropractic Examiners, and an analysis prepared by petitioner of alleged ambiguities in the state Board's questions propounded in the April 5 examination.

■■ We cannot agree with petitioner's final contention. The hearing below was properly limited to the Board's decision that petitioner had failed to pass the April 5 examination. The several examinations taken by petitioner in 1973 and 1974 were not in the nature of a single continuous administrative proceeding but were separate and distinct decisions by the Board. Each denial was a separate final order. The fact that they were successive in time and related to the same

_____

[2] ORS 183.480(7)(a) provides:

"(7) The court may affirm, reverse or remand the order. The court shall reverse or remand the order only if it finds:

"(a) The order to be unlawful in substance or procedure, but error in procedure shall not be cause for reversal or remand unless the court shall find that substantial rights of the petitioner were prejudiced thereby and defects in the content of the notice required by ORS 183.415 not asserted at or prior to the commencement of the hearing before the agency shall not be cause for reversal or remand * * *."

individual would not convert them to a single administrative proceeding for purposes of judicial review.

■ Petitioner did not request a hearing or judicial review as to any of the Board's earlier decisions as he could have done. ORS 183.310(2)(c). Instead, after each examination in which he was unsuccessful, he sought and obtained permission to take another examination. This constituted a waiver by petitioner of contentions that could have been raised at those times. *See, Sanitary Authority v. Pac. Meat Co.,* 226 Or 494, 497, 360 P2d 634 (1961), where the company sought to challenge certain prior orders promulgated by the sanitary authority some years before the instant trial. The court said:

"* * * [T]he right to challenge the earlier orders of the sanitary authority was waived by failure to seek judicial review of such orders in the manner prescribed by law. * * *"

■ Assuming without deciding that petitioner's objection to the limited scope of the hearing was timely, under ORS 183.480(7)(a),[2] this did not and could not enlarge the scope of the hearing and revitalize contentions which were already waived by failure to make a request for hearing thereon. *Sanitary Authority v. Pac. Meat Co.,* supra. *See also, Miller v. Medical Board,* 33 Or 5, 52 P 763 (1898).

Affirmed.